UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


VINCENT JOHNSON, ET AL.

VERSUS

TRANSWOOD, INC., ET AL.

CIVIL ACTION

NUMBER 14-102-SDD-SCR


**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, June 30, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


VINCENT JOHNSON, ET AL.

VERSUS

TRANSWOOD, INC., ET AL.

CIVIL ACTION

NUMBER 14-102-SDD-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is Motion to Remand filed by plaintiffs Vincent Johnson and Sarah Johnson. Record document number 15. The motion is opposed.[1]

For the reasons which follow, the Motion to Remand should be denied.

**Background**

Plaintiffs Vincent Johnson and Sarah Johnson filed a Petition for Damages[2] in state court seeking damages for injuries suffered by Vincent Johnson while unloading cargo from a trailer attached to a 2005 International 9400I truck at the Georgia Gulf Facility located in Plaquemine, Louisiana.[3] Plaintiffs alleged that during

---

[1] Record document number 18. Plaintiffs filed a reply memorandum. Record document number 28

[2] Plaintiffs also filed in the state court a First Supplemental Amended Petition for Damages and a Second Supplemental Amended Petition for Damages. Record document number 1-2, pp. 41-45, and pp. 47-49, respectively. The original and the supplemental petitions are referred to collectively as the Petition.

[3] Although plaintiff Vincent Johnson died on March 26, 2014,
(continued...)

the unloading process, Mr. Johnson's clothing became entangled in the shaft and component parts connected to the power takeoff unit and the rotary positive displacement blower, resulting in extensive and serious injuries to him. Plaintiffs, who are Louisiana residents, named several Louisiana citizens as defendants: T.R.G., Inc., Westside Truck and Auto, Christopher Fontenot, Stephen Hogge[4] and Max Whittington. Plaintiffs sought recovery under Louisiana law, including La.Civ.Code Art. 2315 and the Louisiana Products Liability Act, LSA-R.S. 9:2800.51, *et seq*.

Non-Louisiana defendant Axiall, LLC removed the case to this court asserting subject matter jurisdiction under 28 U.S.C. § 1332, specifically alleging that the citizenship of the Louisiana defendants should be ignored because they were improperly joined.[5]

---

[3](...continued)
record document number 37, Suggestion of Death of Vincent Johnson, this report will still refer to him as a plaintiff.

[4] This defendant was named as Stephen Hoggie in the original Petition for Damages. Record document number 1-2, p. 4, ¶ G. According to the affidavit of Mark Penry, this defendant's name is Stephen Hooge. Record document number 18-1, Exhibit 1. He will be referred to in this report by that name.

[5] Record document number 1, Notice of Removal, ¶¶ 9-14. Defendant alleged citizenship as follows: plaintiffs are citizens of Louisiana; defendant Axiall, LLC is a Delaware limited liability company with its principal place of business in Georgia, whose sole member is Axiall Corporation which is organized under the laws of Delaware with its principal place of business in Georgia; defendants Transwood, Inc. and Transwood Logistics, Inc. are corporations organized under the laws of Nebraska with their principal place of business in Nebraska; defendant Tuthill Corporation is a corporation organized under the laws of Delaware
(continued...)

Axiall argued that the plaintiffs' collectively-pled allegations against all of the defendants fail to satisfactorily allege the specific fault of the Louisiana defendants. Axiall asserted that although the plaintiffs alleged that TRG was previously named Delta Process Equipment, Inc., any fault of Delta Process Equipment during the time period of Mr. Johnson's accident would not be attributed to TRG because Delta Process Equipment has been owned by DXP Enterprises, Inc. since May of 2007. Axiall provided evidence to demonstrate that neither defendants Westside nor Fontenot had been delegated or contractually assigned any of the duties alleged in the Petition, and that defendant Fontenot did not have any recollection of designing, fabricating, installing, or manufacturing the equipment that plaintiffs allege caused Mr. Johnson's injuries. Axiall also provided evidence to show that defendants Hooge and Whittington, as supervisory employees of defendant Transwood, owed no personal duty under Louisiana law to the plaintiffs.

Plaintiffs moved to remand. Plaintiffs argued that their

---

[5](...continued)
with its principal place of business in Illinois; defendant International Truck and Engine Corp. d/b/a Navistar, Inc. is a corporation organized under the laws of Delaware corporation with its principal place of business in Illinois; and defendant Muncie Power Products, Inc. is a corporation organized under the laws of Indiana with its principal place of business in Indiana. While the status of N.G. Gilbert Corporation, Inc. as a defendant is unclear, the defendant alleged that it is a corporation organized under the laws of Indiana with its principal place of business in Indiana.

negligence claims against Westside and Fontenot are plausible and offered evidence in an attempt to show that defendant Fontenot, as the owner of Westside, provided maintenance/service to the truck and/or the component parts of the power takeoff and shaft system prior to the accident. Plaintiffs also argued that defendant TRG is a major authorized dealer and sole distributor of the power takeoff unit for defendant Tuthill. Plaintiffs noted that defendant TRG participated in the state court litigation and did not file an exception of no cause of action in the state court. Plaintiffs asserted that defendants Hooge and Whittington are liable as supervisory employees because they were involved in deciding what parts were installed on the trucks. In the alternative, the plaintiffs argued that the Notice of Removal is procedurally defective because (1) defendant TRG did not join in or consent to the removal and (2) written notice of the removal was not promptly sent to the plaintiffs.

**Applicable Law**

The party seeking removal based on improper joinder of an in-state party bears a heavy burden of proving that the joinder was improper. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). The statutory basis for the doctrine of improper joinder is found in 28 U.S.C. §§ 1441 and 1359. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004), *cert. denied*, 544 U.S. 992, 125 S.Ct. 1825 (2005).

4

Since the purpose of the inquiry is to determine whether the in-state defendant was properly joined, the focus must be on the joinder, not the merits of the plaintiff's case. *Id*.

There are two recognized ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Id*., *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003). In the latter situation the test for improper joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant. Stated another way, there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. *Smallwood*, 385 F.3d at 573; *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005).

The court may decide the question of whether the plaintiff has a reasonable basis of recovery under state law either by employing a Rule 12(b)(6), Fed.R.Civ.P., analysis, or by piercing the pleadings and conducting a summary judgment inquiry. *Id*. In resolving questions of improper joinder, all disputed questions of fact and ambiguities in the controlling state law are resolved in favor of the non-removing party. *Carriere v. Sears, Roebuck and Co*. 893 F.2d 98, 100 (5th Cir.), *cert. denied*, 498 U.S. 817, 111 S.Ct. 60 (1990).

**Analysis**

**Defendant's Notice of Removal Is Not Procedurally Defective**

Plaintiffs' arguments concerning the procedural deficiencies of the Notice of Removal are unpersuasive. Although the plaintiffs asserted that the notice is defective because Axiall failed to obtain TRG's consent, "a removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined."[6]

With respect to the written notice requirement pursuant to 28 U.S.C. 1446(d),[7] the record shows that the defendant satisfied this requirement. The Notice of Removal was filed in this court on Friday, February 14, 2014.[8] Plaintiffs stated that they received written notice from defense counsel the following Tuesday, February 18, 2014. This easily satisfies the requirement under § 1446(d) to promptly give notice of the removal to the adverse parties, and the plaintiffs have not shown how they were prejudiced by not receiving notice sooner.

---

[6] *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007).

[7] 28 U.S.C. 1446(d) states:
> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

[8] Record document number 1.
...

**Louisiana Defendants Were Improperly Joined**

Allegations central to the plaintiffs' claims, particularly regarding how the accident happened and the basis for the defendants' involvement in it, are based "on information and belief."[9] However, the plaintiffs did not state what information supports their beliefs, i.e. their allegations, or even the source(s) of the information. Because the plaintiffs also alleged that Mr. Johnson suffered severe injuries at the time of the accident which rendered him helpless and that he maintains a "vegetative existence,"[10] the court concludes that Mr. Johnson did not provide the information. Such allegations cannot be treated as factual allegations.

- **TRG**

A review of the allegations in the plaintiffs' Petition and the evidence submitted into the record demonstrates that the plaintiffs do not have a plausible negligence or products liability claim against TRG. Defendant established that TRG did not have any relation to Delta Processing Equipment, Inc. and Delta Process Equipment at or around the time of the accident. Defendant submitted evidence to show that TRG sold the trade name and

---

[9] Record document number 1-2, pp. 6, 7, Petition for Damages, ¶¶ 11, 13, 14 and 15.

[10] Record document number 1-2, pp. 6-7, Petition for Damages, ¶¶ 11 and 12.

business of these two entities in May of 2007 to DXP Enterprises, Inc.[11] Defendant asserted that the equipment alleged to have caused Mr. Johnson's injuries is believed to have been installed in 2010, well after Delta was owned and operated by DXP. Defendant also provided evidence to demonstrate that defendant TRG was never a sole distributor nor a major authorized dealer of any Tuthill products.[12] Plaintiffs did not dispute these facts. Their collectively-pled allegations are insufficient to provide a plausible factual basis for recovery against defendant TRG based on an accident that occurred in January 2013.

- **Westside and Fontenot**

The record also fails to establish a reasonable basis for this court to predict a recovery against defendants Westside and Fontenot. Defendant Fontenot stated in an affidavit that he did not recall having worked on the rotary positive displacement truck blower, power takeoff components, or power takeoff shaft attached to Mr. Johnson's vehicle.[13] To support their claims, the plaintiffs relied on the affidavit of Roger Leger and a receipt allegedly from

---

[11] Record document number 1-3, Exhibit 8, certified corporate records from the Louisiana Secretary of State; record document number 18-2, Exhibit 2, Affidavit of M. Wayne Guy.

[12] Record document number 18-3, Exhibit 3, Affidavit of Tony Belmonte on behalf of Tuthill Corporation.

[13] Record document number 1-4, Affidavit of Christopher Fontenot.

8

defendant Westside obtained from the Mr. Johnson's truck. In a separate Ruling on Motion to Strike the affidavit and receipt were stricken as summary judgment evidence.[14] But even considering the receipt, at best it indicates that the only service performed on January 17, 2013, one day before the accident, by whomever or whatever business performed it, was an "[o]il lube job."[15] Plaintiffs have not plausibly explained or shown how this service could have had any effect on the equipment involved in the accident. Without any evidence to show that Westside or Fontenot serviced any component part of the power takeoff or shaft system, the plaintiffs cannot demonstrate a plausible claim against these defendants.

- **Hooge and Whittington**

Plaintiffs' argument to establish a plausible claim against defendants Hooge and Whittington is without merit. Plaintiffs alleged, again based on unspecified "information and belief," that defendant Hooge "maintains managerial/mechanical activities," and defendant Whittington "provided managerial and/or mechanics

---

[14] Record document number 40.

[15] Record document number 15-2, Exhibit D, Affidavit of Roger Leger; record document number 15-2, Exhibit E, Independent Contractor receipt. Plaintiffs argued that the receipt "was signed by 'Chris.'" Record document number 5-12, p. 4. This is a misrepresentation. The receipt is neither dated nor signed by anyone. The receipt shows that the work described by the receipt - "Oil lube job" - was done "By" Chris.

9

activities and/or services," at 4737 River Road, Port Allen, Louisiana.[16] Plaintiffs argued in their supporting memorandum that these defendants "are directly connected with the management and potential customization of the shaft system," they "were responsible in the decision-making as to parts to be installed/customized on the truck," and "[t]heir duty to supervise led to the analysis and final decision making as the customization of the PTO/blower system installed on the truck."[17] But there are no such allegations in the Petition. And even if there were, such allegation are untethered to any actual factual support.

Defendant Axiall provided evidence from defendant Transwood to show that both Hooge and Whittington were employed as terminal managers and had no personal duty toward its truck drivers related to the manufacture, installation, design, placement in commerce, alteration, maintenance, modification, retrofitting, or customization of offloading system equipment on the trucks.[18] Defendant Transwood does not possess any business records demonstrating that either Hooge or Whittington installed or

---

[16] Record document number 1-2, Petition for Damages, ¶¶ G and H. Neither defendant is mentioned elsewhere in the Petition for Damages or in either supplemental petition. The address is not mentioned again in the Petition. The court assumes this is the address of defendant Transwood's terminal operations.

[17] Record document number 28, p. 8.

[18] Record document number 18-1, Exhibit 1, Affidavit of Mark Penry, ¶¶ 10 and 12.

10

customized the offloading equipment.[19]  Defendant Transwood noted that if any terminal manager had been involved in the customization of the equipment on the trucks, such involvement would have fallen within the general administrative responsibilities of management.[20]

Plaintiffs' conclusory allegations in the Petition, which are only naked assertions devoid of any specificity and any factual support, are insufficient demonstrate even a potential individual officer liability claim under Louisiana law.[21]

**Conclusion**

Plaintiffs have not come forward with any evidence to create a factual dispute as to any Louisiana defendant's involvement in or liability for the accident.  Defendant Axiall has shown by a preponderance of the evidence that there is no reasonable basis for this court to predict that the plaintiffs might be able to recover against any of the Louisiana defendants under Louisiana law. Because these Louisiana defendants were improperly joined their citizenship is disregarded.  Consequently, because there is complete diversity of citizenship between the plaintiffs and other defendants, the court has diversity jurisdiction.

---

[19] *Id.* at 14.

[20] *Id.*

[21] *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973)

11

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the Motion to Remand filed by plaintiffs Vincent Johnson and Sarah Johnson be denied.

Baton Rouge, Louisiana, June 30, 2014.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE