UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


VINCENT JOHNSON, ET AL.

VERSUS

TRANSWOOD, INC., ET AL.

CIVIL ACTION

NUMBER 14-102-SDD-SCR

**RULING ON MOTION FOR NEW TRIAL**

Before the court is the plaintiffs' Motion for New Trial Motion to Alter or Amend, and Relief from Order. Record document number 46. Defendant Axiall, LLC filed an opposition.[1]

Plaintiffs seek relief, pursuant to Rules 59 and 60, Fed.R.Civ.P., from the Ruling on Motion to Strike[2] which granted defendant Axiall, LLC's Objections and Motion to Strike Exhibits D & E to Plaintiffs' Motion to Remand.[3]

For essentially the reasons stated by the defendant in its opposition memorandum, there is no factual or legal basis to grant the plaintiffs relief under Rule 59 or 60. Plaintiffs arguments were either previously made,[4] and were considered, or they are

---

[1] Record document number 48.

[2] Record document number 40

[3] Record document number 19

[4] Record document number 46-1, supporting memorandum, pp. 3-4 (regarding Roger Leger's affidavit and the receipt found in the tractor). Regarding the receipt, which is Exhibit E, the plaintiffs repeatedly describe it as a "Maintenance Log." But the document is a single page labeled "Maintenance Record," with only
(continued...)

factually unsupported.[5]

Accordingly, the plaintiffs' Motion for New Trial Motion to Alter or Amend, and Relief from Order is denied.

Baton Rouge, Louisiana, July 23, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[4](...continued)
one entry, and even Leger referred to it as a receipt in his affidavit. Record document number 46-2, Exhibit D, ¶ 11. Regardless of how it is labeled, the plaintiffs have still not offered anything to show that it is not hearsay or is admissible under any hearsay exception, particularly as a business record. See record document number 40, Ruling, p. 1. Furthermore, the plaintiffs misrepresent that the Maintenance Record/receipt is "signed by 'Chris'". Record document number 46-1, p. 4. It is not signed by Chris; the name "Chris" is printed in the space on the document under the word "By", obviously indicating that the work was purportedly done "By" "Chris." The document is not signed by anyone; the "SIGNATURE" line is blank. It is simply not possible to determine from the document itself who prepared it. In ruling on the defendant's Motion to Strike, the court cannot simply assume – as the plaintiffs request – that the document represents work performed on the PTO/Blower System by defendant Westside Truck and Auto or defendant Christopher Fontenot.

[5] While the plaintiffs assert that their motion is supported by new evidence, no new evidence was submitted with the motion. Record document number 46-1, supporting memorandum, p. 2 (referring to new information, but not stating what it is).