UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

VINCENT JOHNSON, ET AL.

VERSUS

TRANSWOOD, INC., ET AL

CIVIL ACTION

NUMBER 14-102-SDD-SCR

## RULING MOTION TO COMPEL DISCOVERY

Before the court is Tuthill Corporation's Motion to Compel Plaintiffs' Responses to Initial Discovery. Record document number 67. No opposition has been filed.

Defendant Tuthill Corporation filed this motion on November 3, 2014 to compel plaintiffs to respond to Defendant Tuthill Corporation's First Set of Interrogatories and Requests for Production. Defendant also sought an award of expenses incurred in connection with the motion.

Plaintiff Vincent Johnson died on March 26, 2014,[1] but Sarah Johnson was still a plaintiff at that time. Defendant served its discovery requests on March 31, 2014,[2] but they were deemed served on May 22, 2014.[3] Defendant asserted that on June 13, 2014, the plaintiff's counsel responded to Tuthill's Request for Production

---

[1] See record document number 37.

[2] Record document number 67-2, Declaration of Raymond C. Lewis, ¶ 2.

[3] Record document number 35.

No. 1 by producing the truck at issue for inspection.[4] On September 16, 2014 Tremechia Butler and Raven Johnson were substituted as plaintiffs.[5] Defendant provided evidence of its multiple efforts to obtain remaining discovery responses prior to filing its motion and showed that it made accommodations to the plaintiffs in light of the party substitution and certain scheduling conflicts.[6] As of November 3, 2014, the plaintiffs failed to provide any additional responses. Nor have the plaintiffs responded to this motion or otherwise furnished any information indicating when the remainder of their discovery responses will be provided.

A review of the record shows that the defendant is entitled to relief under Rule 37(a)(3)(B), Fed.R.Civ.P. With the exception of Request for Production No. 1, the plaintiffs will be required to answer the interrogatories and produce all responsive documents within 14 days. No objections will be allowed.[7]

Under Rule 37(a)(5)(A) if the motion to compel is granted the court must require the party whose conduct necessitated the motion,

---

[4] *Id.*, ¶ 3.

[5] Record document number 62.

[6] Record document number 67-2, ¶¶ 4-12, and exhibits 2-8.

[7] Generally, discovery objections are waived if a party fails to timely object to interrogatories, production requests or other discovery efforts. *See*, *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir.), *reh'g denied*, 869 F.2d 1487 (5th Cir. 1989); *Godsey v. U.S.*, 133 F.R.D. 111, 113 (S.D. Miss. 1990).

or the attorney advising that party, or both, to pay the reasonable expenses, including attorney's fees caused by the failure unless the failure was substantially justified or other circumstances make an award of expenses unjust. Defendant's motion shows that a good faith attempt was made to obtain the discovery responses without court action. Nothing in the record indicates that the plaintiffs' failure was substantially justified or that there are any circumstances which would make an award of expenses unjust. Plaintiffs have had ample time since they substituted as plaintiffs to serve their discovery responses. Therefore, the defendant is entitled to reasonable expenses under Rule 37(a)(5)(A). Defendant did not claim a specific amount of expenses incurred in filing this motion. A review of the motion and memorandum supports the conclusion that an award of $300.00 is reasonable.

Accordingly, Tuthill Corporation's Motion to Compel Plaintiffs' Responses to Initial Discovery is granted. Plaintiffs Tremechia Butler and Raven Johnson shall serve their answers to the defendant's interrogatories and produce all documents responsive to its requests for production of documents Nos. 2-4, without objections, within 14 days. Defendant is awarded reasonable expenses in the amount of $300.00, to be paid by the plaintiffs within 14 days.

Baton Rouge, Louisiana, December 2, 2014.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE