UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

VINCENT JOHNSON, ET AL.

VERSUS

TRANSWOOD, INC., ET AL

CIVIL ACTION

NUMBER 14-102-SDD-SCR

**RULING ON MOTION TO COMPEL DISCOVERY**

Before the court is a Motion to Compel filed by Muncie Power Products, Inc. Record document number 68. No opposition has been filed.

Defendant Muncie Power Products, Inc. served its interrogatories and requests for production of documents on March 6, 2014,[1] but they were deemed served on May 22, 2014.[2] Plaintiff Vincent Johnson died on March 26, 2014,[3] but Sarah Johnson was still a plaintiff at that time. On September 16, 2014 Tremechia Butler and Raven Johnson were substituted as plaintiffs.[4] Defendant filed this motion on November 7, 2014 to compel the plaintiffs to answer its interrogatories and produce requested documents. Defendant also sought an award of expenses incurred in connection with the motion.

---

[1] Record document number 68-3, Exhibit A.

[2] Record document number 35.

[3] See record document number 37.

[4] Record document number 62.

Defendant provided evidence of its efforts to obtain the plaintiff's discovery responses prior to filing its motion. On June 30, 2014, the defendant's counsel corresponded with the plaintiff's counsel requesting responses to the outstanding discovery requests and alternatively set a Rule 37, Fed.R.Civ.P., conference on July 16, 2014.[5] Despite the defendant's efforts, the plaintiffs' discovery responses were not produced and the plaintiffs' counsel did not participate in the scheduled discovery conference. Plaintiffs have not responded to this motion or otherwise furnished any information indicating when their discovery responses will be provided.

In these circumstances, under Rule 37(a)(3) and (d)(1)(A), Fed.R.Civ.P., the defendant is entitled to an order requiring the plaintiffs to respond and imposing sanctions. Plaintiffs will be required to provide answers the interrogatories and produce responsive documents within 14 days. No objections will be allowed.[6]

Defendant also sought an award of expenses, including attorney's fees. Rule 37(d)(3) incorporates the sanctions available under Rule 37(b)(2)(A)(i)-(vi). Under Rule 37(d)(3) the

---

[5] Record document number 68-4, Exhibit B.

[6] Generally, discovery objections are waived if a party fails to timely object to interrogatories, production requests or other discovery efforts. *See*, *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir.), *reh'g denied*, 869 F.2d 1487 (5th Cir. 1989); *Godsey v. U.S.*, 133 F.R.D. 111, 113 (S.D. Miss. 1990).

court must require the party failing to act, or the attorney advising that party, or both, to pay the reasonable expenses, including attorney's fees caused by the failure unless the failure was substantially justified or other circumstances make an award of expenses unjust. Defendant's motion shows that a good faith attempt was made to obtain the discovery responses without court action. Nothing in the record indicates that the plaintiffs' failure was substantially justified or that there are any circumstances which would make an award of expenses unjust. Plaintiffs have had ample time since they substituted as plaintiffs to serve their discovery responses. Therefore, the defendant is entitled to reasonable expenses under Rule 37(d)(3). Defendant did not claim a specific amount of expenses incurred in filing this motion. A review of the motion and memorandum supports the conclusion that an award of $300.00 is reasonable.

Accordingly, Motion to Compel filed by Muncie Power Products, Inc. is granted. Plaintiffs Tremechia Butler and Raven Johnson shall serve their answers to the defendant's interrogatories and produce documents responsive to the requests for production of documents, without objections and within 14 days. Pursuant to Rule 37(d)(3), the plaintiffs shall pay to the defendant, within 14 days, its reasonable expenses in the amount of $300.00.

Baton Rouge, Louisiana, December 2, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE