**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| VINCENT JOHNSON ET AL. | CIVIL NO. 14-102-SDD-SCR |
| VERSUS | JUDGE SHELLY D. DICK |
| TRANSWOOD, INC. ET AL. | MAGISTRATE RIEDLINGER |

## **RULING**

This matter is before the Court on the Plaintiffs' *Motion To Stay Matter Pending Outcome of Plaintiffs' Appeal*[1] and *Motion Requesting Clarification*.[2] Defendant Axiall, LLC ("Axiall") opposes the motion.[3]

Without following the proper rules of procedure, Plaintiffs filed into the record a *Notice of Appeal*[4] to the Fifth Circuit of the Court's *Ruling*[5] denying Plaintiffs' *Motion for New Trial*, and a *Notice of Appeal*[6] to the Fifth Circuit of the Court's *Ruling*[7] adopting the *Report*

---

[1] Rec. Doc. No. 70.

[2] Rec. Doc. No. 75.

[3] Rec. Doc. No. 76.

[4] Rec. Doc. No. 58.

[5] Rec. Doc. No. 54.

[6] Rec. Doc. No. 59.

[7] Rec. Doc. No. 55.

*and Recommendation* of the United States Magistrate Judge.

As Axiall correctly points out, Plaintiffs failed to seek interlocutory appeal certifications pursuant to 28 U.S.C. § 1292(b) and Rule 5 of the Federal Rules of Appellate Procedure. These appeals were docketed with the Fifth Circuit, and an "APPEAL" flag appeared at the top of the docket sheet in this matter based on Plaintiffs' filings. Defendant Tuthill Corporation filed a motion to dismiss the appeals in the Fifth Circuit for lack of certification. On December 16, 2014, the Fifth Circuit issued a *Mandate*[8] dismissing Plaintiffs' appeals for lack of jurisdiction. As Plaintiffs failed to follow the applicable rules and timely request certification for an interlocutory appeal, the motions to stay this case and for "clarification," in which they essentially attempt to untimely seek certification, must be denied.

Moreover, even if the Court would entertain such a request, the Plaintiffs fail to meet the substantive requirements of Section 1292(b). The Court agrees with Axiall that the challenged evidentiary ruling and denial of remand do not involve controlling questions of law over which substantial ground for difference of opinion exists, nor that immediate appeal will materially advance the ultimate termination of the litigation. Plaintiffs simply disagree with the Court's application of well-settled law to the facts of this case. Jurisprudence forecloses certification under these circumstances.

Courts in this district have held that, "[a] substantial ground for difference of opinion 'usually only arises out of a genuine doubt as to the correct applicable legal standard relied

---

[8] Rec. Doc. No. 79.

on in the order.'"[9] Furthermore, "'[a]n interlocutory appeal assuredly does not lie simply to determine the correctness of a judgment.'"[10] Finally, "[d]isagreement with the district court's ruling is insufficient to establish a substantial ground for a difference of opinion."[11]

Therefore, for all of the reasons set forth above, Plaintiffs' *Motion To Stay Matter Pending Outcome of Plaintiffs' Appeal*[12] and *Motion Requesting Clarification*[13] are DENIED. Additionally, pursuant to the Court's *Order*[14] of October 24, 2014, and considering the Fifth Circuit's dismissal of Plaintiffs' appeals, deadlines to respond to pending dispositive motions are reinstated.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>December 18, 2014</u>.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[9] *United States v. Louisiana Generating, LLC*, No. 09-100-JJB, 2012 WL 4588437 (M.D. La. Oct. 2, 2012)(quoting *Property One, Inc. v. USAgencies, L.L.C.*, 830 F.Supp.2d 170, 182-83 (M.D. La. 2011).

[10] *Id.* at *2, quoting *Clark-Dietz & Assocs.-Eng'rs., Inc. v. Basic Contrs.Co.*,

[11] *Id.*, citing *Ryan v. Flowserve Corp.*, 444 F.Supp.2d 718, 724 (N.D. Tex. 2006).

[12] Rec. Doc. No. 70.

[13] Rec. Doc. No. 75.

[14] Rec. Doc. No. 65.