# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

VINCENT JOHNSON, ET AL.  CIVIL ACTION NO.

VERSUS  14-102-SDD-SCR

TRANSWOOD, INC., ET AL.

## RULING

Before the Court are three evidentiary motions: (1) *Motion in Limine to Exclude Plaintiffs' Expert Report*[1] filed by Defendant, Axiall, LLC ("Axiall"); (2) *Motion to Strike Report of HAAG Engineering and Exclude Any Associated Testimony*[2] filed by Defendants, Transwood Logistics, Inc. and Transwood, Inc. (collectively "Transwood"); and (3) *Motion to Strike New and Late-Filed Opinions of HAAG Engineering*[3] filed by Transwood. The Motions are opposed by the Plaintiffs.

### I. PROCEDURAL BACKGROUND

This case arises out of an industrial accident which occurred on January 18, 2013 in which Mr. Vincent Johnson was injured. Johnson later succumbed to his injuries. Suit was originally filed in State Court on January 6, 2014 and timely removed pursuant to 28 USC §1441 and §1446 invoking this Court's diversity jurisdiction under 28 USC §1332.

---

[1] Rec. Doc. 129.
[2] Rec. Doc. 130.
[3] Rec. Doc. 145.

1

28412

Pursuant to the Court's *Scheduling Order*[4], the deadline for Plaintiffs to disclose expert witnesses was October 31, 2014. Plaintiffs disclosed two engineering experts, Hague (sic) Engineering and Stephen Killingsworth.[5] The deadline for the Plaintiffs to produce Rule 26(a)(2)(B) expert reports was November 15, 2014. The Plaintiffs produced a report from HAAG Engineering Company dated November 15, 2014 which was marked "preliminary". The report was unsigned but bore the stamp of a previously undisclosed engineer Kevin R. Davis, P.E. The HAAG preliminary report was non-compliant with Rule 26(a)(2)(B). It failed to disclose the witness's qualifications and publications, failed to provide a list of other cases in which the witness testified as an expert at trial or by deposition in the previous four years, and failed to provide a statement of compensation to be paid to the expert.

More than three months after producing the "preliminary" HAAG report, the Plaintiffs produced another report from HAAG Engineering dated February 25, 2015.[6] This subsequent report which the Plaintiff's refer to as an "updated" report was signed by three engineers, none of whom were previously identified in the Plaintiff's expert witness disclosure[7] two of whom were not revealed in the preliminary report. Once again the "updated" report failed to comply with the requirements of Rule 26(a)(2)(B)(iv),(v) and (vi). The repeated failure to comply with Rule 26(a)(2)(B) is alone sufficient to warrant striking the reports and exclusion of related opinion testimony.[8] From the record it appears that the information required by sections (iv),(v) and (vi) of

---

[4] May 22, 2014 Scheduling Order, Rec. Doc. 35.
[5] Rec. Doc. 145-2.
[6] The record is conflicting as to precisely when the HAAG report dated February 25, 2015 was actually produced by the plaintiffs but by all accounts it was produced some time after the date of the report.
[7] Rec. Doc. 145-2.
[8] *Harmon v. Georgia Gulf Lake Charles L.L.C.*, 476 F. App'x. 31, 36 (5th Cir. 2012).

28412

Rule 26(a)(2)(B) was ultimately produced by Plaintiffs in May 2015 by way of affidavits offered as summary judgment evidence. Untimely production of information required by Rule 26(a)(2)(B) does not remedy the Rule 26 deficiencies of the "preliminary" and "updates" reports or operate to extend the report submission deadlines.[9] Nonetheless the Court will evaluate the pending motions under Rule 37 of the Federal Rules of Civil Procedure.

## II.   "UPDATED" HAAG ENGINEERING REPORT

Rule 37 (c)(1) provides that "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness . . .  unless the failure was substantially justified or is harmless."

### A.  Substantially Justified

In what appears an attempt to justify their failure to timely comply with Rule 26(a) disclosure requirements, Plaintiffs contend that the "updated" report was produced "as per" the Court's order compelling them to supplement their discovery responses.[10] The plaintiff's argument is ill-conceived and illogical. An Order compelling a party to make disclosures and produce evidence in response to lawful and appropriate discovery does not operate to extend the Court's previously ordered deadlines.

The record reveals no just cause for the delay in producing a meaningful and compliant expert report. The record reflects that the vehicle involved in the accident was inspected by HAAG Engineering on May 1, 2013 and May 20, 2013[11]. The record further reflects that the Plaintiffs conducted a site inspection at the Axiall facility where

---

[9] *Id.*
[10] Rec. Doc. 109.
[11] Rec. Docs. 129-2 and 129-3.  Plaintiffs also indicate that the Parties inspected the subject vehicle on June 12, 2014. Rec. Doc. 140.

3
28412

the accident occurred on June 13, 2014[12] and the HAAG experts had factual information regarding the nature, type and dates of the after-market installation of the power take off equipment ("PTO") which is principally at issue. Thus, the majority of the facts upon which the opinions lie had been developed well before the deadline for the Plaintiffs' expert reports. Neither the Plaintiff's arguments not the record reveal any justifiable cause for the Plaintiff's failure to comply with Rule 26 and the Court's Scheduling Order.

### B. Harmlessness

The Court finds that the "updated" report contains new and additional opinions and conclusions. As such, this late disclosed report, although conveniently coined an "update", is not simply a supplemental or updated report. Rather the February 25, 2015 HAAG report is in the nature of a new report. A preliminary report which does not adequately express the expert's opinions does not serve as a "placeholder" until a "supplemental" report is filed.[13] Providing a preliminary report is insufficient to avoid having a late-filed report stricken.[14]

Furthermore, the "updated" report identified three engineers never initially identified by Plaintiffs[15], and two of whom were not identified on the "preliminary" report.[16] An expert report prepared by an expert different from the expert identified in the earlier disclosures or report, does not qualify as a supplemental report.[17]

---

[12] Rec. Doc. 140.
[13] *Harmon*, note 8, *supra* at 37.
[14] *Barrett v Atlantic Richfield Co.*, 95 F. 3d 375, 382 (5th Cir. 1996).
[15] The Plaintiff's expert witness disclosures identified "Hague (sic) Engineering", without identifying any individual engineer at HAAG who would be capable of giving opinion testimony. See note 5, *supra*.
[16] The "preliminary" HAAG Report was stamped (but not signed) by Kevin R. Davis. The "updated" HAAG report was signed and stamped by Kevin R. Davis and Steven R. Smith and David L. Teasdale. Rec. Doc. 129-3.
[17] *Gilbane v Downer's Grove Community High School Dist. No. 99*, 2005 WL 838679 (N.D. Ill. 2005).

4

Plaintiffs suggest that the Defendants failure to depose their experts after the Plaintiffs produced the "updated" report is somehow indicative of a lack of prejudice.[18] Again, Plaintiff's argument is ill-conceived and illogical. The timeline reveals that the Defendants were prejudiced by the Plaintiffs expert disclosure failures. The "updated" HAAG report was produced by the Plaintiffs *after* the deadline for the Defendants to disclose their experts (12/19/2014), and *after* the deadline for the completion of fact discovery (1/8/2015), and *after* the deadline for the Defendants to produce expert reports (2/16/2015). In short, the Defendants were prejudiced in their ability to marshal evidence to contradict opinions in the "updated" HAAG report.

The Court concludes that the Plaintiffs have failed to demonstrate any justifiable reason for their failure to identify their expert witnesses timely or their failure to timely produce an expert report which complied with Rule 26(a)(2)(B). The Court further finds that the Plaintiffs failures in this regard were not harmless. Accordingly, Plaintiffs shall not be permitted to offer opinion testimony from Steven R. Smith, P.E. or David L. Teasdale, P.E. Testimony regarding opinions and conclusions expressed in the February 25, 2015 HAAG report not previously addressed in the November 15, 2014 HAAG report shall be excluded.

### III. AFFIDAVITS OF HAAG ENGINEER STEVEN R. SMITH[19]

Transwood moves to strike[20] two affidavits of HAAG engineer Steven R. Smith offered by the Plaintiffs in support of their *Motion for Partial Summary Judgment*[21] and in opposition[22] to the Defendants' *Motion for Summary Judgment*.

---

[18] The updated HAAG report produced on February 25, 2015 (Rec. Doc. 129-3). The deadline for expert discovery was 4/1/2015.

[19] The Affidavit, Report and opinions of Stephen R. Killingsworth, P.E. have not been challenged and is not part of the Court's ruling herein.

For the same reasons set for the above the Court will strike the affidavits of Steven R. Smith, P.E.[23] The post-report affidavits of HAAG engineer Steven R. Smith express new opinions and rely on previously undisclosed bases for the opinions.[24] Furthermore, Steven R. Smith, P.E. was never identified by the Plaintiffs as an expert witness, either in their expert witness disclosures or in the "preliminary" report.

## IV. *Daubert* Challenge

Defendants, Transwood and Axial move to exclude Plaintiffs proposed expert opinion testimony on the grounds that it is not the product of reliable principles and methodology and relies on facts not reasonably relied upon by other experts in the field. As stated, the Court will exclude testimony of HAAG engineers Smith and Teasdale and opinion testimony derived from the February 25, 2015 HAAG report and the two Smith Affidavits. Accordingly, the Court will address the FRE 702 and 703 challenge to the November 15, 2014 preliminary report and proposed testimony of Kevin R. Davis, P.E.

### A. Qualification of Plaintiff's Expert Witness

As a threshold matter, the Court notes Plaintiff's failure to comply with the requirements set forth in FRCP 26(a)(2)(B), subsections (iv),(v) and (vi). Rather than exclude testimony of Kevin R. Davis, P.E. the Court will defer ruling on his qualifications to the tender at trial.

---

[20] Rec. Doc. 145.
[21] Rec. Doc. 131-5.
[22] Rec. Doc. 135-1 and 135-2.
[23] This Court has stricken an expert's affidavit submitted in support of a motion for summary judgment where the affidavit materially supplemented the expert's prior written report. *Broussard v. Go-Devil Mfg. Co. of La.* 2014 WL 354525 (MD La. 2014).
[24] By way of example, and including but limited to, an OSHA regulation not previously identified in HAAG's preliminary report.

## B. Relevance and Reliability of Opinion

The proponent of the expert evidence bears the burden of establishing its reliability and relevance and, hence, its admissibility.[25] Defendant's argue that the opinions set forth in the preliminary HAAG report are the product of speculation and thus unreliable. Some the conclusions in the November 15, 2014 preliminary report reveal that it is unknown *why* Johnson became positioned under the truck and in close proximity to the rotating PTO shaft which caused his injuries. However, the gravamen of the opinion is whether the accident could have been prevented either by warnings or by an alternative design, specifically the placement of a guard around the PTO shaft. Hence, the Court evaluates whether proposed opinion testimony regarding warnings and alternative design reflected in the "preliminary" HAAG report is based on sufficient facts or data, is the product of reliable methodology and if so, whether it would assist the trier of fact.

According to the report, the opinion regarding lack of warning[26] is based upon investigation which is documented, in part, as follows:

> [W]e documented the use of warning labels on trucks specific to the dangers of rotating PTO shafts. We photographed the warning labels on trucks located on the Transwood property as well as the M.S.D. property (see figures 15 through 18). Similar warning labels were not present on Mr. Johnson's truck. We could not identify any evidence of where a warning sticker, label, or placard may have been present that may have been either removed, painted over, or otherwise rendered unreadable.[27]

> Warning labels indicating danger to bodily harm had been affixed to several trucks equipped with blowers driven by PTO shafts at the Transwood facilities. Similar warning labels were not present on Mr. Johnson's truck.[28]

---

[25] Fed. R. Evid. 702, advisory committee's note (2000 Amendments).
[26] November 15, 2014 report, Conclusion # 6, Rec. Doc. 129-2.
[27] Rec. Doc. 129-2, p. 18.
[28] *Id.* p. 22.

On the subject of alternative design (absence of guard), the preliminary HAAG report, relies on the following facts and data:

> The records provided by Transwood show that the PTO shaft was installed on April 20, 2010, however, the manufacturer of the shaft is not identified. The work was done at Transwood Terminal Number 97 which is located in 3903 Veterans Memorial Highway, Council Bluffs, Iowa.
>
> * * *
>
> Transwood did not design the installed equipment; they only purchased independent components that were then assembled to create a working system. According to Transwood, they did not do any system design or system testing.[29]

The preliminary HAAG report concludes that "[t]he placement of a guard or barrier around the PTO shaft would have prevented injury from occurring. The design and implementation of such a device has been presented by others such as Mr. Steve (sic) Killingsworth."[30]

The Court finds that the HAAG preliminary report satisfies the threshold requirements of reliability and relevance. "[T]he trial court's role as gatekeeper under *Daubert* is not intended to serve as a replacement for the adversary system."[31] The Court is satisfied that cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof will adequately equip the jury to determine the weight to be afforded to the proposed opinion testimony. Motions in Limine are not a substitute for the trial process and vigorous cross-examination. The Court is satisfied that the bases and methodology used for reaching the expert opinions and conclusions in the

---

[29] Rec. Doc. 129-2, p.10.
[30] Rec. Doc. 129-2, p. 25. As previously noted, Defendants have not challenged Stephen A. Killingsworth, P.E.
[31] Fed. R. Evid. 702 advisory committee's note (2000). See Kumho Tire Co. v. Carmichael, 119 S.Ct. 1167, 1178 (1999).

"preliminary" HAAG report can be adequately tested on cross examination. The Court will permit Kevin R. Davis, P.E. to testify within the parameters and confines of the written preliminary report of HAAG Engineering dated November 15, 2014.[32]

## V. CONCLUSION

The Court finds that the Defendants are prejudiced by the updated HAAG report of February 25, 2015 and both Smith affidavits. The updated report and both of the affidavits by HAAG engineer Steven R. Smith delve into new materials and form new opinions and conclusions and were not revealed until after the deadline for the Defendants to identify experts and produce expert reports. Plaintiffs have failed to demonstrate that the late disclosure of proposed experts, Steven R. Smith, P.E. and David L. Teasdale, P.E. and the late report and Affidavits of Steven R. Smith were substantially justified. The Court denies the Defendants *Daubert* challenge to the opinions of Kevin R. Davis as reflected in the "preliminary" HAAG report.

The parties are advised that all other *Scheduling Order* deadlines remain in full force and effect.

Signed in Baton Rouge, Louisiana on <u>September 11, 2015</u>.

_____
**SHELLY D. DICK, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[32] Rec. Doc. 129-2.