UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| VINCENT JOHNSON, ET AL. | CIVIL ACTION NO. |
| VERSUS | 14-102-SDD-SCR |
| TRANSWOOD, INC., ET AL. | |

## RULING

This matter is before the Court on the *Motion for Entry of Rule 54(b) Judgment*[1] filed by Defendant Tuthill Corporation. On August 17, 2015, the Court granted the *Motion for Summary Judgment* filed by this Defendant on the grounds that the Plaintiffs, Tremechia Butler, Raven Johnson, and Vilencia Johnson, failed to file an *Opposition* as required by the Local Rules of Court and the Federal Rules of Civil Procedure, and because the Court found the motion had merit.[2] For the following reasons, the Court does not find that a Rule 54(b) certification is proper in this case at this time.

In *PYCA Indus., Inc. v. Harrison County Waste Water Mgmt. Dist.*, the Fifth Circuit stated:

> Rule 54(b) of the Federal Rules of Civil Procedure provides that "the court may direct entry of a final judgment as to one or more but fewer than all of the claims … only upon an express determination that there is no just reason for delay and upon express direction for the entry of judgment." … One of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals. A district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; **it should**

---

[1] Rec. Doc. No. 157.
[2] Rec. Doc. No. 154.
28742

**not be entered routinely as a courtesy to counsel.**[3]

The Court's *Ruling* of August 17, 2015, dismissed all of Plaintiffs' claims asserted in this matter against the moving Defendant, and is, therefore, an ultimate disposition of all of Plaintiffs' claims as to this Defendant. Accordingly, the Court concludes that it is a final judgment as to the claims asserted against Tuthill Corporation. The Court's analysis, however, does not end here; the Court must now determine whether there is any just reason for delay.[4]

The determination of whether "there is no just reason for delay" lies "within the sound discretion of the district court."[5] However, "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims."[6] In making its determination, the district court has a duty to weigh "'the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other.'"[7] One main factor that the court should consider is whether the appellate court "'would have to decide the same issues more than once even if there were subsequent appeals.'"[8] "It is uneconomical for an appellate court to review facts on appeal following a Rule 54(b) certification that it

---

[3] 81 F. 3d 1412, 1421 (5th Cir. 1996)(citing *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 445 (2d Cir. 1985))(emphasis added).
[4] *First American Title Co. v. Titan Title*, LLC, 2012 WL 1065486, *1 (M.D.La. 3/28/02)("Once having found finality, the district court must go on to determine whether there is any just reason for delay.").
[5] *Ichinose v. Travelers Flood Ins.*, 2007 WL 1799673, *2 (E.D.La. 6/21/07).
[6] *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 1464, 64 L.Ed.2d 1 (1980)(citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435, 76 S.Ct. 895, 899, 100 L.Ed. 1297 (1956)).
[7] *Ichinose v. Travelers Flood Ins.*, 2007 WL 1799673, *2 (E.D.La. 6/21/07) (citing *Road Sprinkler Fitters Local Union v. Continental Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992)(quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511, 70 S.Ct. 322, 324 (1950)).
[8] *Id.* (citing *H & W Indus., Inc. v. Formosa Plastics Corp., USA*, 860 F.2d 172, 175 (5th Cir. 1988)(quoting *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 1465 (1980))).
28742

is likely to be required to consider again when another appeal is brought after the district court renders its decision on the remaining claims or as to the remaining parties."[9]

The Fifth Circuit has also explained that "[w]hen some of the same facts form the basis for several claims, the existence of separate claims for purposes of Rule 54(b) depends on an analysis of their distinctness."[10]

After weighing the appropriate factors, the Court finds that the certification is inappropriate in this case. The Court concludes that the claims asserted against Tuthill Corporation are not so distinct from the remaining claims to warrant certification. The Court further concludes that no injustice or hardship exists that would be alleviated by an immediate appeal and that no injustice would result from a delay in the entry of final judgment. Consequently, the possibility that an entry of judgment will produce piecemeal review in this case outweighs the danger of denying justice by delay.

Accordingly, the *Motion for Entry of Rule 54(b) Judgment*[11] filed by Defendant Tuthill Corporation is DENIED.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 25 day of September, 2015.

SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[9] Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure §2659 (3rd ed. 1998).
[10] *Tubos de Acero de Mexico, S.A. v. American Intern. Inv. Corp., Inc.*, 292 F.3d 471, 485 (5th Cir. 2002).
[11] Rec. Doc. No. 157.
28742