UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

VINCENT JOHNSON, ET AL.

VERSUS

TRANSWOOD, INC., ET AL.

CIVIL ACTION

NUMBER 14-102-SDD-SCR

**RULING ON MOTION TO REOPEN DISCOVERY FOR A LIMITED PURPOSE**

Before the court is the Motion to Reopen Discovery for a Limited Purpose filed by TransWood, Inc. and TransWood Logistics, Inc. Record document number 171. The motion is opposed by the plaintiffs.[1]

Defendants want to reopen discovery to obtain information about a conventional subrogation agreement between plaintiff Vilencia Johnson and non-party Old Republic Life Insurance Company. Old Republic paid benefits to or on behalf of deceased former plaintiff Vincent Johnson and sued TransWood, Inc. and TransWood Logistics, Inc. (collectively, "TransWood") in state court to recover what it paid.[2] It alleged it was "legally and conventionally subrogated to the rights of the insured, Mr. Vincent Johnson and is therefore entitled to be reimbursed out of the proceeds of any judgment or settlement" of the state court case. The state court judge, however, ruled on August 12, 2015 that Old

---

[1] Record document number 174.

[2] Record document number 171-1, Exhibit A.  Old Republic also sued the other defendants in this case.

Republic was not subrogated and signed a judgment to that effect on August 31, 2015 granting TransWood's exception of no right of action.[3]  On August 14, 2015, plaintiff Vilencia Johnson signed a conventional subrogation in favor of Old Republic (hereafter, "Subrogation Agreement").[4]  The "consideration" for the Subrogation Agreement was "the payment of benefits by Old Republic."[5]  Old Republic appealed the judgment granting the exception of no right of action.[6]

After considering the parties evidentiary submissions and arguments, the court does not find good cause to reopen discovery to let TransWood pursue discovery related to the Subrogation Agreement and any other similar agreement the plaintiffs may have signed.  Defendants have not shown that information or documents related to the Subrogation Agreement or any similar agreement would be relevant to any party's claims or defenses in this case.  While the Subrogation Agreement may seem strange to the defendants, and it may be "worth exploring," that does not make it relevant to the

---

[3] Record document number 171-2, Exhibit B.

[4] Record document number 171-3, Exhibit C, Old Republic Life Insurance Company Truckers Occupational Accident Coverage, Policy #ORL011321, Policy Addendum, Subrogation Agreement.

[5] *Id.*  There is no indication in the Subrogation Agreement that anything in addition to the "benefits" due under the policy was paid by Old Republic to obtain the subrogation.

[6] Record document number 171-4, Exhibit D.  The status of that appeal was not provided by any party, but presumably it is still pending.

issues remaining to be resolved in this case. Furthermore, considering the procedural status of this case,[7] the burden and expense of the discovery the defendants would pursue (requests for production of documents) is outweighed by the likely benefit it may provide, and the defendants have not shown that it is important to resolving the remaining issues. See Rule 26(b)(2()(C), Fed.R.Civ.P. (effective until December 1, 2015).[8]

Accordingly, the Motion to Reopen Discovery for a Limited Purpose filed by TransWood, Inc. and TransWood Logistics, Inc. is denied.

Baton Rouge, Louisiana, December 7, 2015.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[7] The case was set for trial on November 2, 2015, but was continued by the district judge due to her heavy criminal docket. Record document number 156. Another trial date has not yet been set.

[8] The consideration formerly found in Rule 26(b)(2)(C) are now in Rule 26(b)(1), effective on December 1,2015, which describes the scope of discovery.