# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

VINCENT JOHNSON, ET AL.                                CIVIL ACTION

VERSUS                                                      14-102-SDD-EWD

TRANSWOOD, INC., ET AL.

## RULING

This matter is before the Court on the *Motion to Enforce Conditions of Settlement and for Injunctive Relief*[1] filed by Plaintiffs, Tremechia Butler, Raven Johnson, and Vilencia Johnson ("Plaintiffs").  Defendants TransWood, Inc. and TransWood Logistics, Inc. (collectively "TransWood"), have filed an *Opposition*.[2]  Because the Court lacks jurisdiction over the settlement agreement, Plaintiffs' motion shall be denied.

## I.    BACKGROUND

This case arises out of a products liability action brought by the Johnson heirs for damages sustained when their father was injured, and ultimately killed, while uploading powdered lime for his employer from his truck.  Plaintiffs and TransWood filed cross-motions for summary judgment, and the Court denied the motions finding that there existed material issues of fact which precluded summary judgment for either party.[3]  On March 21, 2016, the Court was provided notice that these parties had reached a settlement.[4]  Pursuant to this notice, on March 23, 2016, the Court entered an *Order of Dismissal* ordering this action "dismissed without prejudice to the right, upon good cause

---

[1] Rec. Doc. No. 194.
[2] Rec. Doc. No. 200.
[3] Rec. Doc. No. 179.
[4] Rec. Doc. No. 188.
32864

shown within sixty (60) days, to reopen the action if the settlement is not consummated."[5] On May 18, 2016, the Plaintiffs filed the instant motion for injunctive relief and seeking to enforce the conditions of the settlement.  TransWood filed an *Opposition* wherein it opposes Plaintiffs' motion both substantively and on the grounds that the Court lacks jurisdiction to enforce the settlement.

## II.    LAW AND ANLYSIS

Federal courts are courts of limited jurisdiction and possess power only over those cases authorized by the United States Constitution and federal statutes. Both the Supreme Court and the Fifth Circuit have held that there is no provision of law that provides federal courts with jurisdiction over disputes arising out of agreements that produce stipulations of dismissal.  In *Kokkonen v. Guardian Life Insurance Company of America*,[6] the Supreme Court held that, unlike the reopening of an action, "[e]nforcement of the settlement agreement ... is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction."[7]   A district court may retain jurisdiction over the enforcement of the settlement agreement by incorporating the agreement into its dismissal order or by retaining jurisdiction over the settlement contract.[8] If the court does not do so, "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction."[9]

In this case, there is no question that the Court did not incorporate the settlement agreement into its dismissal order.  Although the Court dismissed the case after being

---

[5] Rec. Doc. No. 189.
[6] 511 U.S. 375 (1994).
[7] *Id.* at 378.
[8] *Id.* at 381–82; *see also Langley v. Jackson State Univ.*, 14 F.3d 1070, 1074 (5th Cir.1994).
[9] *Kokkonen*, 511 U.S. at 382.
32864

informed that the parties had reached an agreement, the "judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of [her] order."[10]  Furthermore, in the Fifth Circuit, "to make a settlement agreement part of a dismissal, *Kokkonen* requires a district court to clearly indicate its intention within the dismissal order itself by expressly incorporating the agreement's terms."[11]  The Court's *Order* contains no such express statement.

The Court also did not retain jurisdiction over the settlement contract.  The *Order* dismissed the case "without prejudice to the right, upon good cause shown within sixty (60) days, to reopen the action if the settlement is not consummated."  There is no indication that the Court intended to retain jurisdiction over the enforcement of the settlement contract.  Reopening a case and enforcing a settlement agreement are separate and mutually independent procedures.[12]

*Kokkonen* states that, when a court does not retain jurisdiction or incorporate the settlement agreement in its dismissal order, "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction."[13] Plaintiffs bear the burden of establishing jurisdiction,[14] and although the parties are diverse, Plaintiffs have not demonstrated that the amount in controversy over the settlement agreement meets or exceeds the statutory minimum.[15]  Plaintiffs have failed to even argue that this requirement is met.

---

[10] *Id.* at 381.
[11] *Hospitality House v. Gilbert*, 298 F.3d 424, 431 (5th Cir. 2002).
[12] *See Kokkonen*, 511 U.S. at 378 ("It must be emphasized that what respondent seeks in this case is enforcement of the settlement agreement, and not merely reopening of the dismissed suit by reason of breach of the agreement that was the basis for dismissal.").
[13] *Id.* at 382.
[14] *See Id.* at 377.
[15] *See* 28 U.S.C. § 1332(a).
32864

The Order of dismissal neither expressly retained jurisdiction over the enforcement the settlement agreement nor incorporated the terms of the settlement, and Plaintiffs have not pointed to any other independent basis for jurisdiction. Thus, the Court lacks subject matter jurisdiction over the enforcement of the agreement.[16] Accordingly, Plaintiffs' request that the Court order compliance with the agreement and request for injunctive relief is DENIED.

## III.   CONCLUSION

For the reasons set forth above, the *Motion to Enforce Conditions of Settlement and for Injunctive Relief*[17] filed by Plaintiffs is DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>June 15, 2016</u>.


_____

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[16] *See Hospitality House*, 298 F.3d at 433–34 n. 11 (indicating that rule would apply to a dismissal without prejudice).
[17] Rec. Doc. No. 194.
32864